UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────────────

MATTHEW MESSING,

                              Plaintiff,

                 -vs-                                          13-CV-962-JTC

RUBIN & YATES, LLC,

                              Defendant.

─────────────────────────────────────────────

## <u>INTRODUCTION</u>

On September 25, 2013, plaintiff Matthew Messing filed a complaint alleging

various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§

1692, *et seq.*  Defendant, Rubin & Yates, LLC, failed to appear and defend this action,

which resulted in the Clerk of the Court entering default on November 14, 2013.  Item 6.

Presently before the court is plaintiff's motion for default judgment pursuant to Rule

55(b)(2) of the Federal Rules of Civil Procedure.  Item 7.  For the following reasons,

plaintiff's motion is granted.

## <u>DISCUSSION</u>

**1.     Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of

Default by demonstrating, by affidavit or otherwise, that the opposing party is in default.

Fed. R. Civ. P. 55(a).  Once default has been entered, the allegations of the complaint

that establish the defendant's liability are accepted as true, except for those relating to

the amount of damages.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973

F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine

whether the facts alleged in the complaint are sufficient to state a claim for relief as to

each cause of action for which the plaintiff seeks default judgment.  Further, where the

damages sought are not for a sum certain, the court must determine the propriety and

amount of the default judgment.  *See* Fed. R. Civ. P. 55(b)(2).  Damages must be

established by proof, unless the damages are liquidated or "susceptible of

mathematical computation."  *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974).  All

reasonable inferences from the evidence presented are drawn in the moving party's

favor.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

## 2.    Liability

As set forth in the complaint, the facts are relatively straightforward.  At all times

relative to the claims asserted, plaintiff was a resident of Niagara Falls, New York, and

defendant was a business entity engaged in the business of debt collection, with a

principal place of business in Depew, New York.  Plaintiff alleges that on April 10, 2013,

defendant engaged in the following conduct: attempted to collect a debt by calling

plaintiff on his cell phone after plaintiff had previously informed defendant that it was

inconvenient to do so; left plaintiff a voicemail in which defendant did not state that the

communication was from a debt collector; and contacted plaintiff's mother who is not a

cosigner on the debt.  Plaintiff alleges that this conduct violated a number of the

provisions of the FDCPA, including sections 1692b(2), 1692c(b), 1692d, 1692d(2),

1692e, 1692e(10) and (11), 1692f, and 1692g(a)(1)-(5).  These provisions of Title 15

prohibit various acts, including communicating with a third party concerning the debt

without the consumer's consent; communicating with the consumer at a time or place

known to be inconvenient to the consumer; engaging in conduct the natural

consequence of which is to harass, oppress or abuse the consumer in connection with

the collection of a debt; using false, deceptive, misleading, unfair or unconscionable

means to collect or attempt to collect any debt; and failing to properly notify the

consumer in writing of the right to dispute the validity of the debt within five days of the

initial communication.  Accordingly, for the purposes of this motion, plaintiff has

sufficiently alleged facts to establish defendant's liability under the FDCPA.

3.      **Damages**

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory

damages per plaintiff for any violation of the FDCPA.  The specific amount of statutory

damages, not to exceed $1,000, falls within the court's discretion.  *See Savino v.

Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir.1998).  Factors to be considered by the

court in determining an appropriate statutory damages award include the frequency,

persistence, and nature of the debt collector's noncompliance; the debt collector's

resources; the number of individuals adversely affected; and the extent to which the

debt collector's non-compliance was intentional.  *See* 15 U.S.C. § 1692k(b)(1).  Awards

of the $1,000 statutory maximum are typically granted in cases where the defendants'

violations are "particularly egregious or intimidating."  *Cordero v. Collection Co.,* 2012

WL 1118210, *2 (E.D.N.Y. April 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint, including among other things contacting plaintiff at a time or place known to be inconvenient; contacting plaintiff's mother in connection with the debt without plaintiff's consent, and failing to provide written notice of the right to dispute the validity of the debt.  Under the circumstances, and considering the relative infrequency of pleaded instances of noncompliance, the limited number of individuals adversely affected, and the absence of any further information regarding the debt collector's resources or intent, the court finds that these violations of the FDCPA do not amount to the level of "particularly egregious or intimidating" conduct warranting an award of maximum statutory damages.  The court therefore awards plaintiff a total of $500.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).  *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. January 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions*, LLC, 2012 WL 400789, *3 (W.D.N.Y. February 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).

## 4.    Attorneys' Fees and Costs

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants.  *See* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in

the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). There is a presumption in favor of the hourly rates employed in the district in which the case is litigated. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's attorney has affirmed that he expended 9.8 hours of time on the case, and seeks an hourly rate of $180.00 per hour, in accordance with the prevailing market rate for work on FDCPA cases performed by associate attorneys in this district. *See, e.g., Hamilton v. Lombardo, Davis & Goldman*, 2011 WL 2651102, at *3 (W.D.N.Y. July 6, 2011). The court finds both the number of hours expended on the case and the requested hourly rate to be reasonable, and awards attorney's fees in the amount of $1,764.00. The court also finds the request for costs to be reasonable and awards $465.00.

**<u>CONCLUSION</u>**

Based on the foregoing, plaintiff's motion for default judgment (Item 8) is

GRANTED.  Plaintiff is awarded $500.00 for defendant's violations of the FDCPA,

$1,764.00 in attorney's fees, and $465.00 in costs.

The Clerk of the Court is directed to enter judgment accordingly, and to close this

case.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   March 5, 2014
p:\pending\2013\13-962.mar3.2014